# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54090-8-II |
| Respondent, | |
| v. | |
| J.E.B., | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—JEB pleaded guilty in juvenile court to one count of a minor in possession of liquor, one count of assault in the fourth degree–domestic violence, and one count of assault in the fourth degree. The juvenile court sentenced him to one year of community supervision and imposed supervision conditions. One condition prohibited JEB from possessing dangerous weapons. JEB then violated this condition by possessing a knife. On appeal from the order requiring him to serve time in detention because of this violation, JEB argues that the condition was invalid because it was not crime related.

We dismiss JEB's appeal because his challenge to the condition was untimely.

FACTS

JEB came home intoxicated after skipping school, and he punched both of his parents. JEB pleaded guilty in juvenile court to one count of a minor in possession of liquor, one count of assault in the fourth degree–domestic violence, and one count of assault in the fourth degree. There is no evidence in the record that JEB used a weapon when committing these offenses. In November

2018, the juvenile court sentenced JEB to time already served in confinement and 12 months of community supervision. JEB agreed to abide by certain supervision conditions.

Among the conditions the juvenile court imposed, JEB was prohibited from possessing dangerous weapons. The order on adjudication and disposition also stated that the probation counselor could "specify in writing further details of this prohibition." Clerk's Papers (CP) at 16. JEB was required to comply with "all written home and probation rules." *Id.* The written probation rules that JEB signed stated, "I will not possess any weapon at any time, including knives." CP at 69. This condition was imposed because JEB exhibited problems with aggression and anger and he had previously made threats to harm people.

While JEB was in detention on another probation violation, his mother found a knife and other items JEB was not allowed to possess in a backpack that belonged to him. JEB's probation counselor filed a motion and affidavit asking the juvenile court to find a probation violation.

At the probation violation hearing, JEB argued for the first time that the condition prohibiting him from possessing knives was invalid because it was not crime related. Specifically, he contended that his offenses did not involve any weapons and, therefore, it was improper for the juvenile court to impose a condition that prohibited him from possessing weapons that a 16 year old could otherwise legally possess. JEB asked the juvenile court to strike the condition.

The juvenile court declined to rule on the validity of the supervision conditions. The juvenile court explained that JEB had not brought a motion to strike or remove the condition related to weapons, so the issue was not properly before the court. However, the juvenile court invited JEB to bring a written motion challenging the validity of the probation condition in the future, which would allow the State to respond in writing.

The juvenile court determined that JEB had violated his supervision conditions and sentenced him to 25 days of detention, noting that he had several prior probation violations and lesser consequences had not been successful.

On September 17, 2019, JEB appealed the juvenile court's order imposing 25 days of detention.

ANALYSIS

JEB assigns error to the supervision condition prohibiting JEB from possessing knives: "There is no basis in the record for the probation condition prohibiting appellant from possessing knives." Br. of Appellant at 1. But the juvenile court expressly declined to reach this issue in the probation violation hearing. The juvenile court said that this issue had not been properly presented to it, but the court invited JEB to bring a separate motion, in part so that the State would have an opportunity to respond.

The record does not reflect whether JEB accepted the juvenile court's invitation to bring a later motion. Instead, JEB appealed the juvenile court's order finding that he had violated his supervision conditions and imposing 25 days of confinement. Because the juvenile court expressly did not reach the underlying validity of the relevant condition in its oral ruling or written order, the validity of the underlying condition prohibiting JEB from possessing weapons is not properly before this court.

To the extent that JEB attempts to challenge the provisions in his order on adjudication and disposition prohibiting him from possessing dangerous weapons and requiring him to comply with written probation rules, the time for appealing that order has expired. Generally, a party must submit a notice of appeal within "30 days after the entry of the decision of the trial court that the

3

party filing the notice wants reviewed." RAP 5.2(a); *Harley H. Hoppe & Assoc. v. King County*, 162 Wn. App. 40, 49, 255 P.3d 819 (2011). The juvenile court imposed the challenged condition in the order on adjudication and disposition on November 27, 2018. JEB's notice of appeal in this case was filed too late to be a timely appeal of the November 2018 order. *See* RAP 5.2(a).

Although JEB's notice of appeal asserts he is appealing the superior court's order finding a violation of his supervision conditions, JEB's brief raises only the validity of his probation conditions that were imposed on November 27, 2018. Any attempt to appeal the order on adjudication and disposition is untimely.

Accordingly, we dismiss JEB's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Le, C.J.

Worswick, J.